GRABER, Circuit Judge:
Plaintiff Robert Efaw claims that he was beaten severely by two guards while imprisoned at a Navajo County jail in Arizona. He filed suit against Defendant Officer Teresa Williams, one of the two guards involved in the incident, and various institutional and individual defendants. Plaintiff failed to serve Defendant with the complaint until seven years after it was filed.
Defendant moved to be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 4(m). The district court denied the motion and granted Plaintiff additional time to effect service of process. A jury trial followed, resulting in a judgment for Plaintiff. Defendant appeals. We vacate the judgment and remand with instructions to dismiss the action against Williams.
FACTUAL AND PROCEDURAL BACKGROUND
On August 9, 1995, Plaintiff was in custody at the Navajo County jail in Winslow, Arizona. According to Plaintiff, Sheriffs Deputy Jack Kerr and Defendant entered his cell and assaulted him. Plaintiff testified at trial that Kerr and Defendant struck him more than 20 times in the face, throat, and head, and “four-pointed” him by handcuffing his hands and feet to the bed with his arms splayed above his head. Plaintiff was hospitalized later that night.
Kerr created an “Offense Report” dated the same day the incident occurred. The Offense Report asserts that Plaintiff attacked Kerr and Defendant when they entered his cell and that Kerr hit Plaintiff and shackled him in order to subdue him. Kerr, Defendant, and Plaintiff were the only people present during the incident.
Plaintiffs original complaint was filed pro se on July 29, 1996, and was dismissed on technical grounds. He obtained counsel and filed an amended complaint on October 4,1996, naming as defendants Navajo County, Navajo County Sheriff Gary Butler, Deputy Kerr, Mike Duran, Farrell Yonnie, Defendant, and each named defendant’s spouse. By January 9, 1997, Plaintiff had served process on all defendants except Yonnie and Defendant, neither of whom worked for the Navajo County Sher *1040 iff s Office at the time Plaintiff attempted to serve them. On January 28, 1997, Plaintiff sought an extension of time within which to complete service of process. The district court granted him an additional 180 days. He failed to complete service on Defendant in the allotted time.
Plaintiff was without counsel between October 7, 1997, and April 9, 2001. On August 13, 2003, the district court granted partial summary judgment to the other defendants, leaving only Defendant and Kerr in the action.
On September 9, 2003, more than seven years after filing the complaint, Defendant Williams moved to dismiss herself as a party under Rule 4(m) because Plaintiff had failed to complete service of process. The district court denied her motion and granted Plaintiff 30 days from the time of its December 19, 2003, order to serve Defendant. Plaintiff finally completed service, and the case went to trial with Williams as the only remaining defendant.
At trial, Defendant offered as evidence Kerr’s Offense Report. The district court refused to admit the report on hearsay grounds because Defendant had failed to lay the proper foundation to establish the report as a business record and the district court questioned the trustworthiness of the report. Kerr had died by the time of trial, and no party deposed him before his death.
On August 18, 2004, the district court entered judgment for Plaintiff. The jury awarded Plaintiff $10,000 in nominal and compensatory damages and $90,000 in punitive damages. Defendant filed a timely appeal.
STANDARD OF REVIEW
We review for abuse of discretion a district court’s decision to extend the period for effecting service of process. Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir.2003).
DISCUSSION
Rule 4(m) provides in part:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
Fed.R.Civ.P. 4(m).
Plaintiff did not serve Defendant within 120 days of filing his complaint. Rather, Defendant was not served until more than seven years after Plaintiff filed his amended complaint.
Rule 4(m), as amended in 1993, requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. Mann, 324 F.3d at 1090 n. 2. Additionally, the rule permits the district court to grant an extension even in the absence of good cause. Id. Here, Plaintiff does not argue that he showed “good cause,” nor did the district court find that he established good cause.[1] Rather, Plaintiff contends that the district court acted within the scope of its Rule 4(m) discretionary power when it extended the time to serve Defendant. The ques *1041 tion presented, then, is how much discretion Rule 4(m) bestows on the district court.
District courts have broad discretion to extend time for service under Rule 4(m). In Henderson v. United States, 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the Supreme Court stated that Rule 4’s 120-day time period for service “operates not as an outer limit subject to reduction, but as an irreducible allowance.” This court in Mann, 324 F.3d at 1090-91, held that Rule 4(m) gave the district court discretion to extend time of service. “On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period.” Id. at 1090. However, no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court may consider factors “like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.” Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir.1998). Here, the district court provided no indication that it had considered those factors in reaching its decision. Its order merely cited Rule 4(m) and ruled: “Pursuant to Rule 4(m), the Court will order Plaintiff to serve Defendant Williams within thirty days from the date this Order is filed. If Plaintiff fails to serve Defendant Williams within that time, a subsequent motion to dismiss will be granted.”
The facts of this case weigh strongly against the district court’s ruling. First, the length of the delay was extraordinary. Plaintiff offered no reasonable explanation for his seven-year failure to serve Defendant. There was no evidence that Defendant attempted to evade service, that she left the state, or that she took any other action that contributed to Plaintiffs delay. Plaintiff was represented by counsel for a significant portion of the seven years, including the period in which he filed his amended complaint, and he never claimed ignorance of the service requirements even when he proceeded pro se.
Second, there is no evidence in the record that Defendant knew about the action notwithstanding Plaintiffs failure to effect proper service. Nor did the district court find that Defendant knew that Plaintiff had filed the complaint.
Finally, the delay prejudiced Defendant. In the intervening seven years, the memories of all witnesses faded. Kerr, the only other eyewitness to the incident, died. Neither party deposed Kerr before his death, and Defendant was not served until five years after Kerr died. Defendant had no reason to depose Kerr during the two years he was available, after Plaintiff filed the action and before Kerr died.
Under these circumstances, the district court abused its discretion in denying Defendant’s motion for dismissal based on Plaintiffs failure to comply with Rule 4’s service requirements.[2]
Defendant also challenged the district court’s exclusion at trial of the Kerr report on hearsay grounds. Because dismissal is proper under Rule 4, we need not reach this issue.
JUDGMENT VACATED; REMANDED with instructions to dismiss the action against Defendant Williams. Costs on appeal are awarded to Defendant Williams.

. In his December 12, 2003, motion for extension of time for service, Plaintiff stated: "Plaintiff has attempted in several ways to locate Ms. Williams without success to this point in time. Some other methods of searching were too costly for Efaw, but there are funds available now for additional search methods to find Ms. Williams.”

. The dissent correctly points out that "Williams has been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m).” Dissent at 625. On the other hand, we have found no case upholding a delay of anywhere near this magnitude.