**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No.   AZ-14-1496-JuKiPa
                                          )
CARRIE MARGARET NEIDORF,                  )    Bk. No.   2:08-bk-08600-MCW
                                          )
            Debtor.                       )
_____         )
                                          )
ROBERT A. MacKENZIE, Chapter              )
7 Trustee,                                )
                                          )
            Appellant,                    )
                                          )
v.                                        )    **O P I N I O N**
                                          )
CARRIE MARGARET NEIDORF,                  )
                                          )
            Appellee.                     )
_____         )

Argued and Submitted on June 19, 2015
at Phoenix, Arizona

Filed - July 10, 2015

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Madeleine C. Wanslee, Bankruptcy Judge, Presiding

_____

Appearances:    Michael Paul Lane, Lane & Nash, P.C. argued for
                appellant Robert A. MacKenzie; Kenneth L. Neeley,
                Neeley Law Firm, PLC, argued for appellee Carrie
                Margaret Neidorf.

_____

Before:  JURY, KIRSCHER, and PAPPAS, Bankruptcy Judges.

JURY, Bankruptcy Judge:

Chapter 7[1] debtor Carrie Margaret Neidorf (Debtor) scheduled her real property (Residence) as an asset of her estate. There was no equity in the property. Postpetition, the lender obtained an unopposed relief from stay order and foreclosed on the property. Years after the foreclosure, but while her bankruptcy case was still open, Debtor received a postpetition payment in the amount of $31,250 (Foreclosure Payment). The payment was made to Debtor pursuant to a national settlement between banking regulators and certain financial institutions, including Bank of America (B of A). Debtor disclosed her receipt of the Foreclosure Payment to Robert A. MacKenzie, the chapter 7 trustee (Trustee). Trustee then filed a Motion to Compel Debtor to Turnover Estate Property (Turnover Motion), asserting that the Foreclosure Payment was property of the estate under § 541(a)(7). The bankruptcy court denied his motion, and this appeal followed. For the reasons discussed below, we AFFIRM.

## I.  FACTS

The underlying facts are undisputed. Debtor filed her chapter 7 petition on July 12, 2008. In Schedule A, Debtor listed her Residence located in Phoenix with a value of $350,000, subject to liens totaling $454,200. In Schedule C,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Debtor claimed an exemption in the property for $150,000 under Ariz. Rev. Stat. § 33-1101(A). In Schedule D, Debtor showed the property was encumbered by three liens, including a first position deed of trust in favor of Countrywide Home Loans, Inc. (Countrywide).

Countrywide obtained an unopposed order granting relief from the automatic stay with respect to the Residence on September 29, 2008. Countrywide's interest in the deed of trust was assigned to B of A sometime in 2008 as part of a merger/acquisition.

Debtor received a § 727 discharge on October 21, 2008.

Debtor's Residence was sold at a foreclosure sale on July 14, 2009.

Trustee filed a Notice of Trustee's Final Report and Application for Compensation on November 14, 2013. The bankruptcy court entered an order approving payment for administrative fees and expenses on December 19, 2013, but the case was never closed.[2]

Almost six years after her case was filed, Debtor disclosed to Trustee that she had received the Foreclosure Payment. On April 15, 2014, Trustee filed the Turnover Motion contending that the payment was property of the estate under § 541(a)(7).

At the May 13, 2014 hearing, the bankruptcy court took the matter under submission. On September 30, 2014, the bankruptcy court issued its findings of fact and conclusions of law and entered the order denying Trustee's Turnover Motion. Trustee

[2] Trustee kept the estate open while he was collecting on an unsecured note.

-3-

timely appealed from that order.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Did the bankruptcy court err by determining that the Foreclosure Payment was not property of Debtor's estate?

## IV.  STANDARDS OF REVIEW

Whether property is included in a bankruptcy estate is a question of law subject to de novo review.  Cisneros v. Kim (In re Kim), 257 B.R. 680, 684 (9th Cir. BAP 2000).

We may affirm the bankruptcy court's decision on any ground supported by the record.  Olsen v. Zerbetz (In re Olsen), 36 F.3d 71, 73 (9th Cir. 1994).

## V.  DISCUSSION

Section 541(a)(7) makes property of the estate any interest in property that the estate (not the debtor) acquires after the petition date.  "Congress enacted § 541(a)(7) to clarify its intention that § 541 be an all-embracing definition and to ensure that property interests created with or by property of the estate are themselves property of the estate."  TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.), 764 F.3d 512, 524-25 (5th Cir. 2014); H.R. REP. 95-595, 549, reprinted in 1978 U.S.C.C.A.N. 5963, 6455 & 6523-24.  Stated differently, for the after-acquired interest to be considered property of the estate under § 541(a)(7), the interest (1) must be created with or by property of the estate;

-4-

(2) acquired in the estate's normal course of business; or (3) otherwise be traceable to or arise out of any prepetition interest included in the bankruptcy estate. See Id. at 525. The party seeking to include property in the estate bears the burden of showing that the item is property of the estate. Seaver v. Klein-Swanson (In re Klein-Swanson), 488 B.R. 628, 633 (8th Cir. BAP 2013).

Here, Trustee has not shown how the bankruptcy estate acquired an interest in the postpetition Foreclosure Payment. The payment was neither created with or by property of the estate nor can it be said that the payment is traceable to or arose out of any prepetition interest included in the bankruptcy estate. The fact that Debtor's Residence became property of the estate, in and of itself, does not support the inclusion of the Foreclosure Payment as after-acquired property under § 541(a)(7). Rather, Debtor became entitled to the payment only as a result of qualifying events occurring after her bankruptcy filing.

Debtor's legal right to, or interest in, the Foreclosure Payment was as a "borrower," and did not arise until April 13, 2011, when B of A, acting through its Board of Directors, and the Comptroller of the Currency (Comptroller) entered into a consent order (2011 Consent Order).[3] The Comptroller and B of A

[3] Attached to Debtor's response to Trustee's Turnover Motion was a letter which included her payment check. That letter said that B of A had entered into the agreement described above and gave a website address where additional information about the agreement could be found. The bankruptcy court apparently went to the website identified in the letter to
(continued...)

-5-

entered into an Amendment to the Consent Order dated February 28, 2013 (2013 ACO), which required B of A to make a $1,127,453.261 cash payment to a Qualified Settlement Fund (QSF). Under the 2013 ACO, only borrowers who had a pending or completed foreclosure on their primary residence any time from January 1, 2009, to December 31, 2010, were eligible to receive distributions from the QSF. In other words, it was the postpetition 2011 Consent Order and 2013 ACO which created the rights and remedies for the specified class of borrowers.

Seen in this light, that the estate had an interest in Debtor's Residence is not enough. Nowhere has Trustee shown how the estate obtained an interest in the Foreclosure Payment itself when the qualifying events giving rise to Debtor's legal rights to the payment all occurred postpetition and were held solely by the borrowers. See Drewes v. Vote (In re Vote), 276 F.3d 1024 (8th Cir. 2002). The payment is thus not an after-acquired interest of the estate. Therefore, we agree with the bankruptcy court's legal conclusion that the postpetition Foreclosure Payment received by Debtor was not property of her estate.

## VI.  CONCLUSION

Having found no error, we AFFIRM.

---

[3](...continued) obtain additional information about the national settlement and the terms of the Consent Order. Although the Consent Order was not part of the record in the bankruptcy court, the parties verified at oral argument that they had no objection to the bankruptcy court's sua sponte examination of the Consent Order or its amendment. Like the bankruptcy court, we have also reviewed them.