**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ALLEN HYDRICK; et al., | No. 16-55830 |
| Plaintiffs-Appellants, | D.C. No. 2:98-cv-07167-TJH-AS |
| v. | |
| PETER WILSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted September 1, 2017[**]
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Sarah Evans Barker, United States District Judge for
the District of Southern Indiana, sitting by designation.

Plaintiffs, a class of sexually violent predators ("SVPs") challenging their conditions of confinement at California state hospitals, appeal from a district court order dismissing their complaint. On appeal, plaintiffs argue that their claims are not moot and that the district court abused its discretion in denying their motions to amend and to transfer venue. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

An order dismissing a complaint as moot is reviewed de novo. *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). Orders denying motions to amend complaints, to transfer venue under 28 U.S.C. § 1404(a), and to extend the period for effecting service of process are all reviewed for abuse of discretion. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Plaintiffs' claims are moot. A claim for injunctive relief is moot if plaintiffs "cannot reasonably be expected to benefit from prospective relief ordered against the defendant." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017). Where plaintiffs seek to enjoin unlawful practices at a facility in which they are confined, transfer to a different facility typically moots their claims. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368

(9th Cir. 1995). Here, plaintiffs' transfer from the Atascadero facility to the Coalinga facility mooted their claims against the defendants who were engaged in prison operations at Atascadero.

Transfer does not moot challenges to system-wide practices, but plaintiffs can only bring system-wide claims if a defendant in the action can provide the relief sought. *See Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015). Assuming *arguendo* that plaintiffs raised system-wide claims, the district court lacked personal jurisdiction over the defendants who could provide system-wide relief due to plaintiffs' failure to timely serve those defendants. *See* Fed. R. Civ. P. 4(m). The district court did not abuse its discretion in refusing to grant an extension of time for service, since plaintiffs sought the extension fourteen years after filing their Second Amendment Complaint and did not show good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Nor did the district court abuse its discretion in denying plaintiffs' motion to amend their complaint. District courts must consider any evidence of bad faith, undue delay, prejudice, or futility when deciding a motion to amend. *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999). The district court correctly determined that the proposed amendment would be futile. The complaint as amended would not revive plaintiffs' system-wide claims, since the second and

3

third complaints listed the same system-wide policymakers, neither of whom had been timely served. The facility-specific claims, brought against officials at Coalinga State Hospital and based on conduct alleged to have occurred there, would be dismissed for improper venue even if the complaint were amended. *See* 28 U.S.C. § 1391(b). The prejudice to defendants–who would suddenly find themselves faced, in effect, with an entirely new lawsuit following the proposed amendment–further supports the district court's denial, as does the lengthy and unexplained delay in seeking amendment. The district court did not err in denying the motion to amend.

Nor did the district court err in denying plaintiffs' motion to transfer venue. Judges considering 28 U.S.C. § 1404(a) motions make individualized, case-by-case determinations as to whether transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Here, the claims set forth in plaintiffs' Second Amended Complaint would remain moot even if the motion were granted. Under these circumstances, the denial was not erroneous.

**AFFIRMED.**

*Hydrick v. Wilson*, 16-55830

Ikuta, Circuit Judge, concurring in the judgment:

I agree with the majority but on different grounds.  Even if read in the light most favorable to the appellants, the Second Amended Complaint (SAC) does not raise systemwide claims; rather, the SAC focuses on defendants, facts, and administrative directives pertaining specifically to Atascadero.  Accordingly, I would hold that the appellants' facility-specific claims became moot when the appellants were transferred to another facility.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001).  Appellants argue two exceptions to the mootness doctrine apply, but these claims were not raised below and are waived on appeal.  *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004), *as amended* (Aug. 9, 2004).

I would also hold that the district court did not abuse its discretion in denying appellants' leave to amend the SAC.  The proposed Third Amended Complaint is effectively a new complaint against a new group of defendants, brought eleven years after the SAC and nine years after the State began relocating sexually violent predators to Coalinga.  Leave to amend may be denied when, as here, there is evidence of undue delay and undue prejudice to the defendants.  *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).