NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIEN JOSHUA ESPINOZA, Plaintiff-Appellant, v. JOURDAIN RICHTER, Correctional Officer III; et al., Defendants-Appellees. | No. 16-15964 D.C. No. 4:13-cv-00683-DCB MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 16, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Arizona state prisoner Adrien Joshua Espinoza appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his constitutional rights to bodily privacy and to be free from

the application of excessive force. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's summary judgment and decision on qualified immunity. *Long v. City & Cty of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Summary judgment was proper on each of Espinoza's constitutional claims because Defendants have shown an available administrative remedy that Espinoza did not exhaust as required by the Prison Litigation Reform Act, and Espinoza has failed to show that the remedy was effectively unavailable to him. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The record conclusively demonstrates that he did not comply with this statutory requirement. Accordingly, he was not entitled to judicial relief on any of his claims. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85. "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 90 (citation and internal quotation marks omitted).

The district court did not abuse its discretion by dismissing defendant Murtaugh due to Espinoza's failure to serve him with process, or defendants Crede and Ramirez, against whom Espinoza alleged an Eighth Amendment medical deliberate indifference claim. No further extension of time for service was

16-15964

warranted as to any of these defendants. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing district court's broad discretion and factors to consider in deciding whether to extend time for service).

**AFFIRMED.**