**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GREGORY TYREE BROWN, | No. 15-35983 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05524-RJB |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 11, 2018 [**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Washington state prisoner Gregory Tyree Brown appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims and claims under the Americans with Disabilities Act

("ADA"), Rehabilitation Act ("RA"), and Religious Land Use and Institutionalized

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (en banc). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion by dismissing Brown's claims against defendant Knox without prejudice because Brown failed to serve Knox with process and no further extension of time for service was warranted. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing district court's broad discretion and factors to consider in deciding whether to extend time for service).

The district court properly granted summary judgment on Brown's claims against the supervisory defendants because Brown failed to raise a genuine dispute of material fact as to whether these defendants personally participated in the alleged violations or whether there was a causal connection between their conduct and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (setting forth requirements for supervisory liability).

Summary judgment was proper on Brown's due process claim based on a deprivation of his property under Department of Corrections policy 420.375 because Brown failed to raise a triable dispute as to whether he did not receive the process he was due. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36

2                                                                              15-35983

(1982) (the existence of a post-deprivation remedy is irrelevant when the prisoner is challenging conduct taken pursuant to an established procedure, rule, or regulation); *Piatt v. MacDougall*, 773 F.2d 1032, 1036–37 (9th Cir. 1985) (en banc) (prisoner claiming a deprivation of a property interest pursuant to a state policy is entitled to a meaningful opportunity to be heard).

The district court properly granted summary judgment on Brown's First Amendment access-to-courts claim because Brown failed to raise a triable dispute as to whether defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348–49, 354–55 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Brown's First Amendment free speech and free association claims in relation to other prisoners because Brown failed to raise a triable dispute as to whether the confiscation of documents was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests"); *see also Shaw v. Murphy*, 532 U.S. 223, 225, 230–32 (2001) (explaining that the *Turner* factors apply to a prisoner's legal assistance to other prisoners and that the First Amendment does not "enhance[] the protections otherwise available under *Turner*").

15-35983

Summary judgment on Brown's free speech and free association claims in relation to the public was proper because Brown failed to raise a triable dispute as to whether he suffered any unconstitutional limitation of his rights. *Cf. Shaw*, 532 U.S. at 229 ("[C]onstitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large."). To the extent Brown contends that the district court erred by treating his allegations regarding the confiscation of his website-related property as raising due process claims, we reject the contention as without merit.

The district court properly granted summary judgment on Brown's Eighth Amendment medical deliberate indifference claim because Brown failed to raise a triable dispute as to whether defendants were deliberately indifferent to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (difference in opinion between the physician and the prisoner regarding the appropriate course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Brown's claims under the ADA and RA because Brown failed to establish a prima facie case of disability discrimination. *See Duffy v. Riveland*, 98 F.3d 447, 454–55 (9th Cir. 1996) (elements of a claim under the ADA or RA). The professional medical

evaluation he received from the Department of Corrections was extensive and thorough. The diagnosis was that he did <u>not</u> have chronic fatigue syndrome. He cannot have been the victim of disability discrimination with respect to a condition medical professionals in the Department decided and believed he did not have. The ADA and the RA cover individuals with a "disability" or a "handicap". This record contains no evidence that Brown has either, other than (1) his own self-serving statements on a subject on which he is not qualified to speak, and (2) general mentions of the condition by a previous Department doctor who ordered testing rather than any treatment for the condition. Indeed, the results of the tests ordered by that doctor helped convince subsequent Department medical professionals that Brown did not suffer from chronic fatigue syndrome. The record is devoid of any evidence that would support a verdict or a judgment in his favor on these claims.

The district court properly granted summary judgment on Brown's First Amendment free exercise claim involving his hair, which relates to a one-time set of circumstances amounting to no more than an unintentional interference with his ability to exercise his religious beliefs. As the magistrate judge correctly observed, "this isolated incident is not enough to constitute a substantial burden of plaintiff's religious beliefs." *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) ("A person asserting a free exercise claim must show that the government action in

question substantially burdens the person's practice of her religion."); *Canell v. Lightner*, 143 F.3d 1210, 1211-14 (9th Cir. 1998) (no substantial interference where intrusions were "relatively short-term and sporadic").

Brown's RLUIPA claim fails for the same reason. The circumstances regarding his hair about which he complains do not demonstrate a substantial burden on his religious beliefs. In any event, an exhibit he submitted on appeal in his reply brief dated September 6, 2016 indicates that this matter has been resolved to his satisfaction.

In sum, we affirm the district court's judgment dismissing Brown's claims against defendant Knox, and affirm summary judgment on Brown's supervisory liability, due process, access-to-courts, free speech, free association, and medical deliberate indifference, ADA/RA, free exercise, and RLUIPA claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

15-35983