**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAREE ANNETTE HARPER, | No. 17-56019 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01709-RGK |
| v. | |
| OTIS D. WRIGHT II, U.S. District Court Judge, individual and official capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Caree Annette Harper appeals pro se from the district court's judgment in

her 42 U.S.C. § 1983 action alleging various federal and state law violations. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal for failure to prosecute. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We reverse and remand.

Although Harper did not timely serve the summons and complaint, *see* Fed. R. Civ. P. 4(m) (setting forth 90-day period for service of the summons and complaint), Harper properly served defendant Judge Wright two days after the service deadline, and properly served the remaining defendants about two weeks after the service deadline. Furthermore, Harper's claims would be time-barred if the action was dismissed. Under these circumstances, we conclude that the applicable factors weigh against dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986) (setting forth factors to determine whether dismissal as a penalty for failure to prosecute is appropriate and reviewing the record independently where the district court did not make explicit findings); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding that relief was appropriate under Rule 4(m) because plaintiffs would be time-barred from re-filing their action); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making decisions under Rule 4(m) a district may consider factors like a statute of limitations bar . . . and eventual service." (citation and internal quotation marks omitted)); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512-13 (9th Cir.

2001) (district court has discretion to extend the time for service even absent good cause). We reverse the judgment and remand for further proceedings. In light of our disposition, we do not consider Harper's contentions regarding the merits of her claims.

Attorney Paul L. Hoffman's motion for leave to file an amicus brief (Docket Entry No. 8) is denied as unnecessary because the proposed amicus brief is substantively identical to the opening brief.

**REVERSED and REMANDED.**