**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FOLEY, | No. 19-15592 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02369-APG-PAL |
| v. | |
| CHRISTOPHER HERMES, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DESERT OASIS HIGH SCHOOL; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Michael Foley appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging violations of his parenting rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Foley's action was proper because Foley failed to allege facts sufficient to state a plausible claim that Foley was deprived of a constitutional right. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) cannot survive in the absence of an underlying constitutional violation); *see also Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of conspiracy do not support a claim under § 1983).

The district court did not abuse its discretion by dismissing Foley's claims against defendant Hosein because Foley failed to effectuate proper service on Hosein and no further extension of time for service was warranted. *See* Fed. R. Civ. P. 4(e); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing

district court's broad discretion and factors to consider in deciding whether to extend time for service).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**