**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY L. HARRIS, | No. 19-16841 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00294-MMD-CBC |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Nevada state prisoner Gregory L. Harris appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging federal claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2)).  We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Summary judgment was proper on Harris's free speech claim stemming from regulation of his outgoing mail because Harris failed to raise a genuine dispute of material fact that defendants were involved with the alleged interference with his mail.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.") (order).

Summary judgment was proper on Harris's medical deliberate indifference claims against defendants Dzurenda and Aranas because Harris failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his pain.  *See Toguchi*, 391 F.3d at 1057-60 (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Harris's retaliation

claims against defendants Dzurenda, Carpenter, and Sandie because Harris failed to raise a triable dispute as to whether defendants took an adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by dismissing defendants Gentry and Byrne due to Harris's failure to serve them with process because no further extension of time for service was warranted. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (discussing district court's broad discretion and factors to consider in deciding whether to extend time for service).

The district court properly dismissed nonresident defendants Thomas and Hininger because Harris failed to allege facts sufficient to establish that the district court had personal jurisdiction over them. *See Schwarzenegger*, 374 F.3d at 801-02 (discussing requirements for general and specific personal jurisdiction).

The district court did not abuse its discretion by denying Harris's request for jurisdictional discovery from Thomas or Hininger because Harris failed to explain how discovery would reveal relevant facts. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (discussing standard of review and affirming denial of jurisdictional discovery "based on little more than a hunch").

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**