NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: EAST COAST FOODS, INC.<br><br>Debtor<br>_____<br><br><br>EAST COAST FOODS, INC.,<br><br>Appellant.<br><br> v.<br><br>DEVELOPMENT SPECIALISTS,<br>INC.; BRADLEY D. SHARP,<br><br>Appellees. | No. 24-4969<br><br>D.C. No.<br>23-1168<br><br><br>MEMORANDUM[*] |
| In re: EAST COAST FOODS, INC.<br><br>Debtor<br>_____<br><br><br><br>EAST COAST FOODS, INC.,<br><br>Appellant.<br><br> v. | No. 24-4970<br><br>D.C. No.<br>23-1169 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BRADLEY D. SHARP, Chapter 11
Trustee; DEVELOPMENT SPECIALISTS,
INC.,

          Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gary A. Spraker, Frederick Philip Corbit, and William J. Lafferty, III,
Bankruptcy Judges, Presiding

Submitted May 12, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

East Coast Foods, Inc. (ECF) sued Bradley D. Sharp and his firm, Development Specialists, Inc., for actions he took as ECF's former Chapter 11 trustee. ECF appeals from the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's dismissal of ECF's complaint for lack of standing. "We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error." *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

1.     ECF lacks standing to sue Sharp and his firm under its Chapter 11 reorganization plan (the Plan), which became effective September 2018. The Plan created a Plan Trust managed by a Plan Trustee. On the effective date, the Plan

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vested in the Plan Trust so-called "Estate Claims," which it broadly defined as "any and all claims and causes of action that constitute property of the Estate including, but not limited to . . . any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate." Whether and how to pursue these claims was left to the "absolute discretion" of the Plan Trustee.

ECF's claims against Sharp and his firm are "property of the Estate," meaning they can be brought by the Plan Trustee alone. Property of the bankruptcy Estate includes "[a]ny interest in property that the estate acquires after the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(7); *see Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) ("An 'estate' is created when a bankruptcy petition is filed." (citing 11 U.S.C. § 541(a))). That includes post-petition interests "acquired in the estate's normal course of business." *In re Neidorf*, 534 B.R. 369, 371–72 (B.A.P. 9th Cir. 2015). The claims asserted in ECF's complaint arose in the bankruptcy Estate's "normal course of business" because they are based on Sharp's post-petition management of the Estate as the Chapter 11 trustee. *See id.* The claims are thus "property of the Estate," which, under the Plan, can be brought only by the Plan Trustee. ECF's argument that the Estate suffered no actual injury under *Matter of East Coast Foods, Inc.*, is not persuasive as that analysis addresses a creditor rather than an estate. 80 F.4th 901, 910 (9th Cir. 2023). ECF therefore lacks standing. *See Cusano*, 264 F.3d at 945 ("For [the debtor] to have standing, he, rather than the

bankruptcy estate, must own the claim upon which he is suing.").

2. We decline ECF's request to remand to the bankruptcy court with instructions to permit the introduction of extrinsic evidence about the meaning of "Estate Claims." Under California contract law, extrinsic evidence is admissible to prove a meaning to which the contract is "reasonably susceptible." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968) (in bank). The Plan is not "reasonably susceptible" to ECF's interpretation that the Plan does not vest exclusive control over Estate Claims in the Plan Trustee.

3. The bankruptcy court did not err or abuse its discretion in denying ECF an opportunity to amend its complaint. By failing to serve the complaint, ECF never triggered the 21-day window for amendment as of right under Federal Rule of Civil Procedure 15(a)(1). And because ECF has identified no set of facts under which its claims against Sharp and his firm could proceed, the bankruptcy court acted within its discretion in denying discretionary leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *see also In re Cloudera, Inc.*, 121 F.4th 1180, 1189–90 (9th Cir. 2024) (denial of leave to amend is permissible when amendment would be futile).

4. ECF's opening brief makes no substantive argument for why the bankruptcy court abused its discretion in denying its motion for reconsideration. Thus, any distinct argument targeting the reconsideration order is forfeited. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016).

5.      Because the bankruptcy court properly dismissed ECF's complaint for lack of standing, it did not abuse its discretion in declining to extend the time for ECF to serve the summons and complaint. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

**AFFIRMED.**

24-4969