**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Dr. SHARON JAMIE M.D., an individual, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, a government entity; FARRUKH MERCHANT M.D, an individual, <br><br> Defendants - Appellees. | No. 24-3871 <br><br> D.C. No. 5:23-cv-02070-JGB-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted November 12, 2025[**]

Before:      SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Sharon Jamie, M.D., appeals from the district court's order dismissing her

employment action.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion a dismissal for failure to serve timely the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan* (*In re Sheehan*), 253 F.3d 507, 511 (9th Cir. 2001). We vacate and remand.

The district court dismissed the action under Federal Rule of Civil Procedure 4(m) because Jamie did not timely serve the summons and complaint. *See* Fed. R. Civ. P. 4(m) (setting forth 90-day period for service of the summons and complaint). Under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant **or order that service be made within a specified time**." Fed. R. Civ. P. 4(m) (emphasis added). District courts have "broad discretion to extend time for service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar . . . and eventual service." (citation and internal quotation marks omitted)); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding that relief was appropriate under Rule 4(m) because plaintiffs would be time-barred from re-filing their action). Because it is not clear from the record that the district court considered exercising its discretion to extend the deadline for service, we vacate the district court's dismissal of the action and remand for further proceedings.

**VACATED and REMANDED.**