IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STEVEN SHOLEM, M.D.,
*Petitioner*,

*V.*

HON. DAVID GASS AND HON. CONNIE CONTES, JUDGES OF THE SUPERIOR
COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA
*Respondent Judges*,

MELISSA LANGEVIN,
*Real Party in Interest*.

No. CV-19-0149-PR
Filed March 30, 2020

Appeal from the Superior Court in Maricopa County
The Honorable David Gass, Judge
The Honorable Connie Contes, Judge
No. CV2017-007288
**AFFIRMED**

Order of the Court of Appeals, Division One
1 CA-SA 19-0086

COUNSEL:

Eileen Dennis GilBride, (argued) Jones, Skelton & Hochuli, P.L.C., Phoenix;
Andrew Rosenzweig, Michael F. Tamm, Quintairos, Prieto, Wood & Boyer
P.A., Phoenix, Attorneys for Steven Sholem

Douglas C. Erickson, Daniel D. Maynard, (argued) Maynard Cronin
Erickson Curran & Reiter, P.L.C., Phoenix, Attorneys for Melissa Langevin

Jeffrey C. Warren, Amanda Heitz, David T. Lundmark, Claudia Ionescu,
Bowman and Brooke, LLP, Phoenix, Attorneys for Amicus Curiae Arizona
Association of Defense Counsel

JUSTICE GOULD authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, BEENE and MONTGOMERY joined.

JUSTICE GOULD, opinion of the Court:

¶1        Arizona Rule of Civil Procedure Rule 4(i) provides that if a plaintiff does not serve a defendant with a summons and complaint within ninety days of filing the complaint the court "must" dismiss the case without prejudice.  Such a dismissal for untimely service is referred to as "abatement."   In this case, we address the grounds for obtaining an extension for service under Rule 4(i) and its interplay with Rule 6(b), the generally applicable rule for extending time.

¶2        We hold that under Rule 4(i), if a plaintiff shows good cause for failing to serve a defendant within ninety days, a court is required to extend the time for service.  However, Rule 4(i) also allows a court, in its discretion, to extend the period for service without a plaintiff showing good cause.  Additionally, we hold that if the ninety-day period for service has expired, a plaintiff seeking an extension under Rule 4(i) need not show that the delay in service or the delay in requesting an extension was due to excusable neglect, as is required under Arizona Rule of Civil Procedure 6(b)(1)(B).  Finally, we provide guidance as to what constitutes good cause, as well as a non-exhaustive list of factors for courts to consider in exercising their discretion under Rule 4(i).

**I.**

¶3         In 1996, Melissa Langevin's parents sued Phoenix Baptist Hospital and Medical Center, Dr. Steven Sholem, and Dr. John Carlson for negligently exposing Langevin's mother to radiation while she was pregnant with Langevin.  The parties settled the day before trial after completing discovery.

¶4        Twenty years later, Langevin sued the same hospital and doctors.  On June 9, 2017, Langevin filed her complaint against Sholem. Pursuant to Rule 4(i), she had until September 7, 2017 (ninety days) to serve him.  Langevin attempted to serve Sholem at his residence six times between July 27, 2017 and August 11, 2017.  The process server observed that during each service attempt, the blinds were closed, the porch light was on, and no vehicles were in the driveway.  However, he also noted that someone removed a package addressed to Sholem from the porch on July

27 or 28. Sholem later submitted an affidavit avowing that he was out of town for one week in "early August 2017" and was not evading service.

**¶5** In May 2018, more than ten months after the ninety-day deadline had expired, Langevin filed a motion "pursuant to Rule 4(i)" seeking to extend the time for service. In her motion, Langevin claimed that she had attempted to serve Sholem multiple times at his last known address. The court determined there was good cause to grant the motion and extended the deadline for service until August 31, 2018.

**¶6** On July 17, 2018, over one year after filing the complaint, Langevin served Sholem. He moved to dismiss, arguing that the complaint abated because Langevin: (1) failed to serve the summons and complaint within Rule 4(i)'s ninety-day period; and (2) did not show good cause for extending the deadline. In response, Langevin argued that Rule 4(i) permitted the court to extend the deadline with or without good cause. Further, Langevin argued that she had made diligent efforts to serve Sholem, and that she had gained no "tactical advantage" by failing to serve the complaint earlier. The trial court, without making any findings, denied Sholem's motion to dismiss and his subsequent motion for reconsideration.

**¶7** Sholem filed a special action with the court of appeals, which declined to accept jurisdiction. We accepted review of Sholem's petition for review because this case involves the construction of Rule 4(i), an issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

**II.**

**¶8** Sholem argues that Langevin was required to show good cause for extending the time for service under Rule 4(i). Additionally, he asserts that Langevin was required to show that her failure to seek an extension within the ninety-day period was due to excusable neglect, as required by Rule 6(b)(1)(B).

**¶9** We review the construction of a rule de novo. *Flynn v. Campbell*, 243 Ariz. 76, 80 ¶ 7 (2017). In construing a rule, we apply the "usual, ordinary meaning" of its words "unless doing so creates an absurd result." *Haywood Sec., Inc. v. Ehrlich*, 214 Ariz. 114, 116 ¶ 10 (2007) (citation omitted) (internal quotation marks omitted); *see also Preston v. Kindred Hosps. W., L.L.C.*, 226 Ariz. 391, 393 ¶ 8 (2011) (stating that we apply "principles of statutory construction" when interpreting a rule).

**A.**

**¶10**　　　　Arizona has had an abatement rule since statehood. *See* Revised Statutes of Arizona (Civil Code) § 460 (1913) ("An action shall abate if the summons be not issued and served . . . within one year from the filing of the complaint."); *McCulloch v. W. Land & Cattle Co.*, 27 Ariz. 154, 157 (1924) (stating that a rule providing for abatement of an action within one year from the filing of the complaint "was part of the act of the first Legislature of its second special session").

**¶11**　　　　The purpose of the abatement rule is to encourage the speedy resolution of lawsuits and protect defendants from prejudice. *Murphey v. Valenzuela*, 95 Ariz. 30, 32–33, 32 n.1 (1963). This purpose comports with our courts' overarching goal to timely, fairly, and inexpensively resolve lawsuits. *See* Ariz. R. Civ. P. 1. The abatement rule recognizes that when a plaintiff allows a lawsuit to "lie dormant" there is a "danger" that defendants

> might be greatly and wrongfully prejudiced by being brought into court long after the subject-matter of controversy had passed out of their minds, when perhaps witnesses are dead, and testimony lost, and yet the statute of limitations might not be available as a defense.

*Valenzuela*, 95 Ariz. at 32 n.1 (citation omitted).

**¶12**　　　　The abatement rule was eventually codified as Rule 6(f) of the Arizona Rules of Civil Procedure. *See* Ariz. R. Civ. P. 6(f) (1956). Rule 6(f), which remained unchanged until 1992, provided that, "[a]n action shall abate if the summons is not issued and served . . . within one year of the filing of the complaint." Although Rule 6(f) stated that an action "shall abate" after one year, this provision was not self-executing. Rather, a plaintiff could move to extend the time for service for "cause shown." *Garcia v. Frey*, 7 Ariz. App. 601, 605 (1968*); see also Grobe v. McBryde*, 105 Ariz. 577, 579 (1970) (holding that the time for service under Rule 6(f) may be extended for good cause). Additionally, if "the one-year limit of Rule 6(f)" expired, plaintiffs were required, pursuant to Rule 6(b), to show that their delay was due to "excusable neglect." *Garcia*, 7 Ariz. App. at 605.

**¶13**　　　　The abatement rule has undergone several material changes in recent years. Most of the recent changes have been made to conform Arizona's abatement rule to the Federal Rule. Thus, for example, before 1983, federal courts applied a flexible "due diligence" standard for service,

and there was no specific time limit for serving the summons and complaint after a complaint was filed. *See* 96 F.R.D. 81, "Changes in Federal Summons Under Amended Rule 4 of the Federal Rules of Civil Procedure," 101, 109, 119 (1983) (discussing the pre-1983 standards for service of process). However, when Federal Rule 4(j) was promulgated in 1983, it provided a 120-day time limit for service and required a showing of good cause for any extension of that limit. *See id.* at 86; *Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (stating that under the 1983 amendments to Federal Rule 4(j) the time to serve a complaint could only be extended upon a showing of "good cause").

¶14        In 1992, the Arizona rule was amended to conform with Federal Rule 4(j). *See* Ariz. R. Civ. P. 4(i), December 1991 Amendment. Rule 6(f) was renumbered as Rule 4(i) and, as amended, stated:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed . . . .

The 1992 version of Rule 4(i), like its federal counterpart, provided a 120-day time limit for service and required a showing of good cause for an extension. *See Maher v. Urman*, 211 Ariz. 543, 547 ¶ 8 (App. 2005) (stating that the 1992 version of Rule 4(i) "unambiguously required a showing of good cause in order to extend the time for service").

¶15        Federal Rule 4(j) was amended and renumbered as Rule 4(m) in 1993. Thereafter, in 1996, Arizona Rule 4(i) was also amended. As amended, Arizona Rule 4(i) was identical to Federal Rule 4(m). *See Maher*, 211 Ariz. at 547 ¶ 9 (noting that Rule 4(i), as amended in 1996, is "identical" to Federal Rule 4(m)). And, once again, when Federal Rule 4(m) was amended in 2015 to reduce the time for service from 120 to 90 days, Arizona followed suit in 2017, amending Rule 4(i) to shorten the service period from 120 to 90 days. *See* Fed. R. Civ. P. 4(m) (2015); Ariz. R. Civ. P. 4(i) (2017).

¶16        Thus, the current version of Rule 4(i), which is identical to current Federal Rule 4(m), provides that:

> If a defendant is not served with process within 90 days after the complaint is filed, the court--on motion, or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made

within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**B.**

¶17        The plain language of Rule 4(i) permits extensions absent a showing of good cause.  The first clause states that if the period for service has expired, a court must either dismiss the complaint "or order that service be made within a specified time."  Thus, by its terms, the first clause does not require a plaintiff to show good cause for an extension.  In contrast, the second clause of the rule specifically states, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service".  Significantly, by including the word "but" to introduce the second clause, the drafters signaled that a showing of good cause is an exception to and different from ordering an extension under the first clause.  *See* Oxford English Dictionary (2d ed. 1989) (defining "but" as meaning "[w]ith the exception of, apart from, except, save," and, as used "[i]n a simple sentence, introducing a word, phrase . . . which is excepted from the general statement"); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (stating that, in construing Federal Rule 4(m), the second clause of the rule provides an exception to the first clause, and that "the second clause notes that if good cause exists, the district court has no choice but to extend time for service.").

¶18        Thus, Rule 4(i) provides a mandatory extension based on good cause and a discretionary extension without a showing of good cause. *See Maher*, 211 Ariz. at 547–48 ¶¶ 8, 14 (stating that Rule 4(i), as amended in 1996, provides a mandatory extension based on good cause as well as authorizes "a court to 'direct that service be effected within a specified time,' apparently with or without a predicate showing of good cause").

¶19        This construction is supported by cases construing Federal Rule 4(m). *Id.* at ¶¶ 9–10 (noting that because Rule 4(i), as amended in 1996, is "identical" to Federal Rule 4(m), great weight should be accorded to "[f]ederal courts interpreting" Rule 4(m)); *see also Anserv Ins. Servs, Inc. v. Albrecht*, 192 Ariz. 48, 49 (1998)  quoting *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules.").

¶20        For example, in *Henderson* the United States Supreme Court stated that under the "1993 amendments to the [Federal] Rules, courts have

been accorded discretion to enlarge the 120-day period even if there is no good cause shown." 517 U.S. at 662 (citation omitted). Likewise, in *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007), the court stated that although "Rule 4(m), as amended in 1993, *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay," the rule also "*permits* the district court to grant an extension even in the absence of good cause." *See United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (holding that "if good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time"); *see also* 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1137 & n.22 (4th ed. 1998 & 2019 Supp.) (stating that "the overwhelming majority of federal courts . . . embrace the view that a district court has discretion under Rule 4(m) to dismiss a complaint or to allow the plaintiff to cure a defect in service of process even in the absence of good cause," and citing cases in support of this statement); *see also* Fed. R. Civ. P. 4(m), 1993 Advisory Committee Notes (stating that Rule 4(m), as amended, "authorizes the court to relieve a plaintiff of the consequences . . . of this subdivision even if there is no good cause shown . . .").

**¶21**        We recognize that in *Toy v. Katz*, the court of appeals stated, in a footnote lacking authority, that the 1996 amendment to Rule 4(i) did "not affect its substance." 192 Ariz. 73, 82 n.1 (App. 1997). As a result, consistent with the pre-1996 version of Rule 4(i), *Katz* mistakenly stated that a showing of good cause is required for an extension. *Id.* at 84. Even so, *Katz* recognized there may be "some extenuating circumstance[s]" that compel a court "in the interest of justice, to allow the plaintiff's claim to go forward, even in the absence of good cause." *Id.* In any event, to avoid confusion, we disapprove of *Katz* to the extent it: (1) characterizes the 1996 amendment to Rule 4(i) as non-substantive; and (2) interprets Rule 4(i) as always requiring good cause for an extension.

**¶22**        Accordingly, we conclude that under Rule 4(i), a trial court has the authority to extend the period for service without a showing of good cause. Before addressing whether the court here properly exercised that authority, we address Sholem's argument that Rule 6(b)(1)(B) applies to requests to extend the service deadline.

## C.

**¶23**        Sholem argues that the trial court abused its discretion because Langevin did not, pursuant to Rule 6(b)(1)(B), show excusable

neglect for failing to request an extension within the ninety-day period. We disagree.

**¶24** Rule 6(b)(1) is the generally applicable rule for extending time in civil cases. It provides, in relevant part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

**¶25** Before the 1996 amendment to Rule 4(i), courts held that Rule 6(b)(1)(B)'s excusable neglect standard applied if a plaintiff requested an extension after the deadline for service had expired. *See Air Power, Inc., v. Superior Court*, 142 Ariz. 492, 494 (App. 1984) (applying Rule 6(b) to former Rule 6(f) and stating that a plaintiff must show "excusable neglect" if he requests an extension after the time for service has expired); *Garcia*, 7 Ariz. App. at 605 (same). However, as noted above, the 1996 amendment substantively changed Rule 4(i). *Supra*, ¶¶ 15–19. Thus, reliance on cases interpreting pre-1996 versions of the abatement rule are of limited value in construing the current version of Rule 4(i).

**¶26** We conclude that based on the 1996 amendment, the language of Rule 4(i) and Rule 6(b) conflicts, and cannot be harmonized. For example, under Rule 4(i), if a plaintiff shows good cause for an extension, the court "must" grant an extension. *Supra*, ¶¶ 16–18. In contrast, under Rule 6(b), if a plaintiff shows good cause for an extension, a court "may," but is not required to, grant the request. *See McLaughlin*, 470 F.3d at 700 (stating in contrast to Federal Rule 4(m), Federal Rule 6(b) [which also parallels Arizona's Rule 6(b)] does not require an extension even if a plaintiff shows good cause and excusable neglect).

**¶27** The rules conflict in other ways as well. The excusable neglect standard of Rule 6(b) requires parties to explain why they did not perform "an act . . . [that] must be done within a specified time." However, although Rule 4(i) states that a defendant must be served within ninety days, it does not specify any time in which a plaintiff must file a request—with or without cause—to *extend* the service time. Indeed, Rule 4(i) only addresses requests for extensions *after* the ninety-day period has expired. For example, a court may, in its discretion, grant an extension "[i]f a defendant

is not served with process *within 90 days after the complaint is filed*." *Id.* (emphasis added). Likewise, a court must grant an extension "if the plaintiff shows good cause *for the failure*" to serve a defendant within the ninety-day period. *Id.* (emphasis added). This language necessarily contemplates an extension request can be made after the service time has expired. *See id.* And, as a result, applying the excusable neglect standard to Rule 4(i) creates an absurd result: plaintiffs must show excusable neglect for failing to request an extension within the ninety-day period when, under Rule 4(i), the grounds for obtaining an extension can apply to requests made after the ninety-day period has expired. *See Haywood Sec., Inc.*, 214 Ariz. at 116 ¶ 10 (stating that we construe the terms of a rule according to their ordinary meaning "unless doing so creates an absurd result" (citation omitted)).

¶28 We therefore conclude that because Rule 4(i) and Rule 6(b) impose conflicting standards, they cannot both control the granting of an extension. Accordingly, Rule 4(i)—the rule specific to service of process— must take precedence. *Cosper v. Rea ex rel. Cty. of Maricopa*, 228 Ariz. 555, 557 ¶ 10 (2012) ("When a specific rule conflicts with a general one, the specific rule controls."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012) (stating that when conflicting provisions cannot be reconciled "the specific provision is treated as an exception to the general rule").

¶29 Sholem argues, however, that excusable neglect must apply to extensions under Rule 4(i) because "Rule 6(b)(2) contains . . . exceptions to Rule 6(b)(1), and service under Rule 4(i) is not one of them." But these exceptions were in place before the 1996 amendment to Rule 4(i), which provided the court discretion to extend the service deadline absent good cause. We are therefore unpersuaded that Rule 6(b)(2)'s omission of Rule 4(i) as an exception reflects the intent to apply Rule 6(b)(1)(B)'s excusable neglect requirement to Rule 4(i). *See* Ariz. R. Civ. P. 6(b) (1994). In any case, Rule 4(i) specifically covers extensions of deadlines for service of process that are inconsistent with Rule 6(b). Therefore, only Rule 4(i) applies here.

¶30 Finally, we caution that Rule 6(b)(1)(B)'s excusable neglect standard may apply to requests made after a court-ordered extended deadline has expired. Under these circumstances, Rule 4(i) would not apply because the deadline sought to be extended is not the ninety-day deadline addressed by that rule. Instead, the deadline is one set forth by court order, and the general provisions in Rule 6(b) therefore apply. Thus, a plaintiff who fails to meet the extended deadline may only receive an

additional extension upon a showing of excusable neglect under Rule 6(b). *McLaughlin*, 470 F.3d at 700 (stating that if a plaintiff "failed to meet the new deadline" granted under Rule 4(m), the excusable neglect standard in Federal Rule 6(b)(2) would "come into play" as to any additional extension requests).

### III.

**¶31**        Sholem argues that even if Rule 4(i) provides for an extension of service without a showing of good cause, the trial court erred in denying his motion to dismiss because there is no evidence showing either good cause *or* discretionary grounds for an extension.

**¶32**        We review a trial court's order denying a motion to dismiss on the grounds of abatement for an abuse of discretion. *Snow v. Steele*, 121 Ariz. 82, 84, 86 (1978); *Air Power, Inc.*, 142 Ariz. at 493. Here, the trial court did not state whether its ruling was based on a finding of good cause or its discretionary authority under Rule 4(i), which would have assisted our review. Nonetheless, we may affirm the trial court on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199 (1987); *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985).

### A.

**¶33**        Proving good cause under Rule 4(i) requires a plaintiff to show that, under the specific facts of the case, she exercised reasonable diligence in trying to serve the defendant. *See Grobe*, 105 Ariz. at 579 (stating that former Rule 6(f) "places a legal duty upon a plaintiff to exercise due diligence in serving a defendant within" the prescribed time period); *Maher*, 211 Ariz. at 548 ¶ 14 ("[T]o show good cause to extend time . . . a plaintiff must demonstrate . . . diligence in trying to serve the defendant.").

**¶34**        To show reasonable diligence, a plaintiff must provide the court with a valid reason or explanation for failing to serve the defendant within the allotted time period. *See Snow*, 121 Ariz. at 83–84 (stating that there was no good cause for an extension where plaintiff supplied no "satisfactory reason" for missing the service deadline); *Air Power, Inc.*, 142 Ariz. at 494, 496 (holding that there was no good cause shown where plaintiff failed to provide a valid reason or explanation "as to why service was not made within the one-year period"); *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997) (stating that under Federal Rule 4(m), "[i]n determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place'" (citation omitted)). Ignorance of the rule, mistake, and inadvertence do not

constitute a valid reason for missing the service deadline. *See Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012).

¶35        Here, Langevin claims that she did not timely serve Sholem because she was busy trying to: (1) locate Dr. Carlson (whom she subsequently determined was deceased); and (2) identify the proper hospital entity to name as a defendant.

¶36        We conclude that this is not a valid reason for failing to serve Sholem within the ninety-day time period. The fact that Langevin's attorney was busy with other parties and claims is not a valid reason for failing to timely serve Sholem. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (holding there was no good cause shown where plaintiff claimed he missed the service deadline due to "his attorney's busy schedule").

¶37        Langevin's explanation also fails because it is not based on a circumstance outside her control. Specifically, a valid reason generally involves a circumstance such as "sudden illness, natural catastrophe, or [defendant's] evasion of service of process," all of which are outside a plaintiff's control. *Gambino v. Vill. of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995); *see also Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice . . . prevented service.'" (citation omitted)).

¶38        Langevin also did not act diligently. Her attempts to serve Sholem were limited to six attempts over fourteen days of the allotted ninety-day period. However, abandoning service after a few unsuccessful attempts does not constitute diligence. *See Riley v. Superior Court*, 116 Ariz. 89, 91 (App. 1977) (stating plaintiffs failed, in part, to exercise reasonable diligence because they made only one attempt to serve defendants, who had moved to China, while they were in the United States); *see also Barrett v. City of Allentown*, 152 F.R.D. 46, 48–49 (E.D. Pa. 1993) (stating there was no good cause for failure to make proper service under former Rule 4(j) where plaintiff made two attempts to serve the defendants with an original complaint and one attempt to serve the amended complaint). Additionally, diligence generally requires a plaintiff to engage in multiple attempts to serve the defendant *throughout* the allotted time period. *See D'Amario v. Russo*, 750 F. Supp. 560, 563–64 (D.R.I. 1990) (finding good cause shown where plaintiff attempted service on "numerous occasions throughout the month"); *cf. Saucedo v. Engelbrecht*, 149 Ariz. 18, 19 (App. 1986) (finding diligence sufficient to satisfy due process and allow service by publication

when the plaintiff made several attempts over eight months to locate and serve defendant).

¶39      Finally, Langevin's lack of diligence is also evidenced by her failure to either attempt service at a different location, such as Sholem's business, or attempt to serve Sholem using an alternative means of service, such as mail. *Compare D'Amario*, 750 F. Supp. at 563–64 (finding good cause where plaintiff attempted to serve defendants by mail and personally by constable, and petitioned the court to appoint a U.S. marshal to serve defendants), *with Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 85 (3d Cir. 1987) (finding no good cause where the plaintiff did not pursue alternative means to effect timely service), *and Ricci v. Ricci*, 689 A.2d 1051, 1053 (R.I. 1997) (finding no good cause where plaintiff unsuccessfully attempted to serve the defendant at her home for several months without attempting alternative means of service).

¶40      Accordingly, because Langevin failed to offer a valid reason for her failure and make reasonably diligent efforts to serve Sholem, there was no good cause for an extension under Rule 4(i).  As a result, we turn to whether there were discretionary grounds in the record to deny Sholem's motion to dismiss.

**B.**

¶41      Although Rule 4(i) provides a court discretion to grant an extension without good cause shown, this discretion is not "limitless." *Efaw*, 473 F.3d at 1041; *see also Mann v. Castiel*, 729 F. Supp. 2d 191, 198 (D.D.C. 2010)  (stating that under Federal Rule 4(m), "plaintiffs need not show good cause, but they must still show some cause as to why the Court should not dismiss their case.") (internal quotation marks omitted).  As an initial matter, a court's discretionary finding must be based on facts contained in the record. *See United Imps. and Exps., Inc. v. Superior Court*, 134 Ariz. 43, 46 (1982), *abrogated on other grounds by Gonzalez v. Nguyen*, 243 Ariz. 531 (2018) ("A discretionary finding of fact based on no evidence is arbitrary and an abuse of discretion.").

¶42      In determining whether to grant a discretionary extension, courts have considered several factors, including whether: (1) the applicable statute of limitations bars the plaintiff from re-filing the action; (2) the defendant evaded service; and (3) the defendant would be prejudiced if the court grants the extension. *See Efaw*, 473 F.3d at 1041 (stating that the statute of limitations and prejudice are discretionary factors a court may consider under Federal Rule 4(m)); *McLaughlin*, 470 F.3d at 701

(discussing the discretionary factors of prejudice and the statute of limitations); *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (stating that prejudice, evasion of service, and the statute of limitations are discretionary factors a court may consider under Federal Rule 4(m)); *see also* Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service."); *cf. Katz*, 192 Ariz. at 84–85 (holding that under the pre-1996 version of Rule 4(i), "extenuating circumstance[s]" existed, despite the absence of good cause, to deny defendant's motion to dismiss on the grounds of abatement where the defendant was not prejudiced by the delay).

**¶43** Sholem argues that Langevin waived, as a discretionary factor, that she is barred by the statute of limitations from refiling her complaint. We agree. The record shows that Langevin never argued or presented any evidence on this issue to the trial court. *Geronimo Hotel & Lodge v. Putzi*, 151 Ariz. 477, 478 (1986) (stating that arguments not presented in the trial court are not preserved for appeal).

**¶44** However, there is no evidence in the record showing that Sholem was prejudiced by Langevin's untimely service. Specifically, there is no evidence showing that due to Langevin's delay, witnesses are unavailable or that evidence has been lost. *See Boley*, 123 F. 3d at 759 (stating that a finding of prejudice is "limited to circumstances in which delay impaired a defendant's ability to defend"); *see also Efaw*, 473 F.3d at 1041 (finding prejudice where service was delayed by seven years, the only eyewitness died, and the memories of all witnesses faded). At most, Sholem has simply lost the procedural advantage of having this case dismissed on the grounds of abatement, which does not qualify as a showing of prejudice. *Boley*, 123 F.3d at 759.

**¶45** Finally, we note there is some evidence in the record indicating that Sholem may have been home when Langevin attempted service, and therefore was possibly evading service. Sholem's avowal that he was out of town for "approximately one week" in "early August" leaves open the possibility that he was home at some point during July 27, 2017 to August 11, 2017 when Langevin was attempting service. This inference is further supported by the fact that someone removed a package from Sholem's doorstep on July 27 or 28, 2017.

## Conclusion

¶46      Based on the above Rule 4(i) discretionary factors, we conclude that the trial court did not abuse its discretion in denying Sholem's motion to dismiss. We therefore affirm the trial court's denial of Sholem's motion.