NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LARRY DONNELL DUNLAP, *Plaintiff/Appellant,*

*v.*

DAVID SHINN, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0679

FILED 01-16-2024

Appeal from the Superior Court in Maricopa County
No.  CV2022-091040
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Larry Donnell Dunlap, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Daniel P. Schaack
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

**P A T O N,** Judge:

¶1        Larry Donnell Dunlap appeals the superior court's dismissal of his complaint against former Governor Douglas Ducey, former Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") Director David Shinn, Keefe Commissary Corporation ("Keefe"), Officer D. Schell, and Sergeant Holten, relating to the confiscation of food items he ordered while incarcerated.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        While incarcerated in a state prison located in Pinal County, Dunlap ordered fancy cashews, chocolate bridge mix, and a cranberry nut ring cake from an outside vendor.  When the items arrived and he did not receive them, he filed a complaint against the defendants seeking the release of his food items, compensation for destroyed food items, and compensatory and punitive damages.

¶3        After filing the complaint, Dunlap asked the Maricopa County Sheriff's Office ("MCSO") to serve each defendant.  Ducey and Shinn were successfully served but Schell, Holten, and Keefe were not after the Arizona Attorney General's Office declined to accept service.  Dunlap told the superior court MCSO refused to serve Schell, Holten, and Keefe because the addresses he provided for them were in Pinal County.

¶4        Dunlap contends he then asked the Pinal County Sheriff's Office ("PCSO") to serve Schell, Holten, and Keefe.  He claims PCSO told him it would not serve them because it would not honor the Maricopa County Superior Court's deferral of service fees, his case was not active in Pinal County, and it would not serve ADCRR staff.  Dunlap filed a motion for a telephonic hearing regarding service, outlining his efforts to date and requesting a hearing.  It does not appear from the record that a hearing took place.

¶5        Meanwhile, Ducey and Shinn successfully moved to dismiss under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing that state and federal laws barred the claims against them.  *See* Ariz. R. Civ. P. 12(b)(6).  Dunlap requested additional time to serve Schell, Holten, and Keefe, which the superior court granted — giving him an additional 30 days.  More than 30 days later, Dunlap had not served them or taken any other action, including filing of a motion suggesting good cause for his failure to serve Schell, Holten, and Keefe, and seeking additional time within which to serve them.  *See* Ariz. R. Civ. P. 4(i) (requiring the court to "extend the

time for service for an appropriate period" upon a showing of "good cause for the failure" to serve within the previously allowed period). The court then dismissed his claims against them.

**¶6** Dunlap timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-120.21(A)(1).

## DISCUSSION

**¶7** Dunlap challenges the superior court's orders granting Ducey and Shinn's motion to dismiss and its dismissal of his claims against Schell, Holten, and Keefe for failure to serve.

**I.     The superior court properly granted Ducey and Shinn's motion to dismiss since Dunlap's claims are either barred or fail under state and federal law.**

**¶8** We review dismissals under Rule 12(b)(6) de novo. *Conklin v. Medtronic, Inc.*, 245 Ariz. 501, 504, ¶ 7 (2018). Dismissal under Rule 12(b)(6) is appropriate when the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 576–77, ¶ 10 (2021) (quoting *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). We treat well-pleaded material allegations as admitted but do not rely on legal conclusions or unwarranted deductions of fact. *Johnson Int'l, Inc. v. City of Phoenix*, 192 Ariz. 466, 470, ¶ 19 (App. 1998).

**¶9** Dunlap's complaint alleges Ducey injured him by approving an exclusive contract with Keefe. He also claims Ducey told Shinn to stop or discourage inmates from ordering food items from outside vendors which led to ADCRR staff confiscating his food items.

**¶10** Dunlap alleges Shinn injured him by approving a policy permitting him to buy food from an outside vendor and that prison staff confiscated the food for violating a different policy. He also asserts Shinn injured him by refusing to answer his grievance forms.

### A. State law bars Dunlap's claims against Ducey and Shinn unless authorized by federal law.

**¶11** Ducey and Shinn argue that Dunlap's claims fail under Section 31-201.01(L), which provides that a prisoner serving a sentence for a felony offense may only sue the state or its officers, employees, or agencies if "the complaint alleges specific facts from which the court may conclude

that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." A.R.S. § 31-201.01(L).

¶12            As a threshold matter, Ducey and Shinn argue Section 201.01(L) applies, and Dunlap does not dispute its application, thus conceding that he is serving a sentence for a felony conviction. *See Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960). "Serious physical injury" is defined as "an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31-201.01(O)(3).

¶13            Dunlap's state law claims fail because he does not allege a serious physical injury anywhere in his complaint. He alleges only that the defendants confiscated certain property items belonging to him. Section 31-201.01(L) bars such claims. *See Tripati v. State*, 199 Ariz. 222, 225, ¶ 9 (App. 2000).

### B. Dunlap's federal claims against Ducey and Shinn fail because Dunlap does not allege either of them had personal involvement or knowledge of prison officers confiscating his food items.

¶14            Federal law permits an individual to bring a cause of action against state officials when their actions violate a constitutional right. 42 U.S.C. § 1983. The claimant must allege the official personally participated in the constitutional deprivation. *Tripati*, 199 Ariz. at 225–26, ¶ 11. A supervisor is liable for the constitutional violations of his subordinates if he participated in, directed, or knew of and failed to prevent the violation. *Id.* at 226, ¶ 13.

¶15            Dunlap does not allege that Ducey deprived him of his property or knew of the deprivation and failed to act on it, only that Ducey approved of an "exclusive clause" in the contract with Keefe. Dunlap claims Ducey ordered Shinn to stop inmates from placing orders with vendors other than Keefe. We take well-pleaded material allegations as admitted but do not rely on legal conclusions or unwarranted deductions of fact. *Johnson Int'l., Inc.*, 192 Ariz. at 470, ¶ 19. Dunlap makes no factual allegations about Ducey being personally involved in confiscating the food items at issue. Thus, Dunlap's Section 1983 claims against Ducey fail.

¶16            Similarly, Dunlap makes no specific factual allegations about Shinn. He claims Shinn enacted a policy permitting him to order the food which conflicts with another policy prohibiting the order. This claim does

not allege Shinn participated in, directed, or knew that prison staff unlawfully confiscated the food items.

¶17    Because Dunlap fails to establish that Ducey and Shinn participated in or were even aware of any confiscated food items, his claims against Ducey and Shinn fail. The superior court properly granted their motion to dismiss.

## II.    The superior court properly dismissed the claims against Schell, Holten, and Keefe after Dunlap failed to serve them.

¶18    Dunlap also appeals the superior court's dismissal of his claims against Schell, Holten, and Keefe, after he failed to serve them. Upon filing a complaint, a plaintiff has 90 days to serve any defendants. Ariz. R. Civ. P. 4(i). After this period, the superior court must dismiss the action or give the plaintiff more time to serve the defendants. Ariz. R. Civ. P. 4(i); *see also Sholem v. Gass*, 248 Ariz. 281, 286, ¶ 17 (2020). We review the superior court's dismissal of claims for failure to serve for an abuse of discretion. *See id.* at 289, ¶ 32.

¶19    Dunlap argues he attempted to serve Schell, Holten, and Keefe using both MCSO and PCSO. MCSO attempted to serve Schell, Holten, and Keefe at the Attorney General's Office but it declined to accept service on their behalf. And according to Dunlap, MCSO declined to serve Dunlap's complaint to Schell, Holten, and Keefe because their service addresses were located in Pinal County.

¶20    Dunlap states he then asked PCSO to serve Schell, Holten, and Keefe, but PCSO would not serve them because (1) PCSO refused to honor the Maricopa County Superior Court deferral of fees, (2) PCSO said that since Dunlap does not have a case in Pinal County, it would not serve the defendants, and (3) PCSO would not serve prison employees. Even taking these allegations as true, Dunlap did not pursue any enforcement action in the superior court—as by mandamus or a motion to compel—nor did he request to transfer the deferral order to the Pinal County Superior Court if, as he argued, PCSO refused to honor it. As such, Dunlap failed to exhaust his remedies in the superior court. *See Arnold v. Cesare*, 137 Ariz. 48, 52 (App. 1983) (a remedy not requested at the superior court is waived on appeal). And although he claims he moved for service by publication on May 8, 2022, the record does not reflect that he filed a motion on that date, and even if he did, he similarly did not seek a ruling from the court on any motion for service by publication.

¶21        The superior court granted Dunlap's motion for more time to serve Schell, Holten, and Keefe, and gave him an additional 30 days to serve them.  It dismissed Dunlap's claims against them when he failed to serve them within those 30 days and took no other action.  Rule 4(i) requires the superior court to dismiss an action without prejudice when a defendant is not served with process within 90 days after the complaint is filed.  Ariz. R. Civ. P. 4(i).  This rule gives the superior court discretion to either dismiss a case or grant an extension when the plaintiff fails to serve the defendant and no good cause is shown.  *See Sholem*, 248 Ariz. at 286, ¶¶ 17–18.  When Dunlap failed either to serve the defendants or show good cause for his failure to do so, the superior court had discretion to dismiss the claims against the remaining defendants.

**CONCLUSION**

¶22        We affirm the superior court's dismissal of Dunlap's claims.



AMY M. WOOD • Clerk of the Court
FILED:     TM

6