NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

EDDIE LAREECE PITTMAN, *Plaintiff/Appellant*,

*v.*

GRAND CANYON UNIVERSITY, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0758

FILED 09-24-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2023-090915
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

---

APPEARANCES

Eddie LaReece Pittman, Tempe
*Plaintiff/Appellant*

Pierce Coleman PLLC, Scottsdale
By Justin S. Pierce, Michelle N. Stinson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N**, Judge:

¶1 Plaintiff Eddie Pittman appeals the superior court's order dismissing his complaint against Grand Canyon University ("GCU") and Dr. Bina Vanmali (collectively, "Defendants"). For the following reasons, we affirm.

## BACKGROUND

¶2 As alleged in his complaint, Pittman began working as an adjunct chemistry lab instructor at GCU in October 2020. He taught his fall 2020 classes with "no major issues." During the spring 2021 semester, Pittman taught eight labs but received numerous complaints related to his grading and clarity.

¶3 In the summer of 2021, Pittman taught a single class where he "lost control of the lab with the whole class arguing about grading." Pittman attributed his loss of control to being "stressed out." The matter was referred to Vanmali, an assistant dean at GCU. Vanmali's subsequent meeting with Pittman "ended in a constructive manner." Around the same time, Pittman requested stress-related disability accommodations through GCU's human resources department, but his request was denied based on what he described as the "flawed manner" in which his physician filled out the required form.

¶4 In August and September 2021, Pittman and Vanmali met several more times. According to Pittman, these meetings were "negative" and "discouraging." Pittman also claimed that Vanmali "undermined" him in front of his students while she observed one of his September classes.

¶5 GCU did not schedule Pittman to teach any classes for the spring 2022 semester, which prompted him to send several instructor feedback forms to GCU informing them (1) about his issues with Vanmali, (2) that he had almost resigned because of his meetings with her, and (3) that he wanted to continue as an instructor.

¶6            As a precursor to filing a lawsuit, Pittman filed a "charge of discrimination" with the Arizona Attorney General's Office.  Months later, the Attorney General's Office notified Pittman of his right to file a lawsuit against Defendants under the Arizona Civil Rights Act, but also stated that his discrimination charge was still being investigated.

¶7            In December 2021, Pittman filed a complaint against Defendants in federal court.  Pittman alleged a violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.  The federal district court dismissed Pittman's complaint with leave to amend, finding that the complaint failed to conform with procedural rules.  Pittman filed an amended complaint, which the court dismissed without leave to amend, finding that the complaint, again, failed to comply with procedural rules and was a "rambling narrative that provides 'no way to determine what causes of action are being raised, against which defendants, for what conduct.'"  *Pittman v. Grand Canyon Univ.*, No. CV-21-02165-PHX-DWL, 2022 WL 36468, at *1 (D. Ariz. Jan. 4, 2022).

¶8            Pittman then filed a complaint in the superior court using a virtually identical complaint as the amended complaint just dismissed by the federal court.  GCU removed the case to federal district court, which, in turn, dismissed the case because the claims were barred by claim preclusion.  Pittman appealed to the Ninth Circuit, which later granted his motion for voluntary dismissal of his appeal.

¶9            In February 2023, Pittman filed the complaint at issue here in the superior court, alleging (1) disability-related discrimination and retaliation under the Arizona Civil Rights Act ("ACRA"), (2) intentional infliction of emotional distress, (3) defamation of character, (4) creation of a hostile work environment, and (5) breach of fiduciary duty.  Defendants moved to designate Pittman as a vexatious litigant and to dismiss the complaint for failure to state a claim.

¶10           The superior court denied the motion to dismiss, finding Pittman "has asserted different causes of action than those that were asserted in the other cases."  The court also denied Defendants' motion to designate Pittman as a vexatious litigant.  Defendants then moved for reconsideration, asserting the current lawsuit was barred by claim preclusion because the issues arose from the same set of facts as the prior complaints Pittman had filed in federal court.  After Pittman's response, the court agreed with Defendants that their arguments were "meritorious and directly on point." The court dismissed Pittman's complaint with prejudice.

This timely appeal followed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶11**        We review de novo an order granting a motion to dismiss, as well as whether the superior court properly applied the law. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Dismissal is appropriate under Arizona Rule of Civil Procedure 12(b)(6) only when, as a matter of law, the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (internal quotation omitted). Also, we "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at 356, ¶ 9. We will affirm if the court's order is correct for any reason supported by the record. *Motley v. Simmons*, 256 Ariz. 286, ¶ 10 (App. 2023).

**¶12**        Pittman's opening brief does not comply with ARCAP 13(a)(7) because his arguments are not supported by citations to legal authorities or references to the record. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (noting that a failure to comply with ARCAP 13(a)(7) "can constitute abandonment and waiver of the party's claims"). In our discretion, however, we consider the merits of Pittman's appeal as best as we can discern them.

**¶13**        Because the initial final judgment was entered in federal court, we apply federal law to determine whether Pittman's claims are barred by claim preclusion. *See In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 13 (2006). Under federal law, claim preclusion bars a subsequent claim "when the earlier suit '(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009) (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

**¶14**        The only disputed element here is whether the two lawsuits involved the same claims or causes of action. In addressing that element, "the key is whether the subsequent claims arise out of the same nucleus of facts." *Howell*, 221 Ariz. at 547, ¶ 20 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)). The inquiry is not whether the claim was raised but whether the subsequent claim "could have been raised in the prior action." *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

**¶15**      Pittman does not dispute that most of his claims could have been raised in the federal court proceedings and are therefore barred by preclusion.  Instead, he seems to assert that he has properly alleged a claim for wrongful termination, which could not have been alleged in the prior lawsuits because he was not yet notified that he had been terminated as an adjunct professor.  However, nothing in his complaint reasonably apprised Defendants that he was pursuing a claim for wrongful termination against them.  *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) ("Arizona follows a notice pleading standard, the purpose of which is to 'give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved.'" (citation omitted)).

**¶16**      The only statute Pittman cites in this briefing is A.R.S. § 15-538, asserting he should have been given notice before termination of his employment.  That statute, however, applies to state public schools and not private universities such as GCU.  *See id.*  And to the extent Pittman argues he has a valid claim remaining based on retaliation, we will not consider that argument because he raises it for the first time in his reply brief.  *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007).   Thus, Pittman has failed to state any claim upon which relief may be granted.  *See* Ariz. R. Civ. Proc. 12(b)(6); *Sholem v. Gass*, 248 Ariz. 281, 289, ¶ 32 (2020) ("[W]e may affirm the trial court on any basis supported by the record.").

**¶17**      Defendants request that we use our "inherent and statutory powers to grant injunctive relief" and designate Pittman as a vexatious litigant based on his "relentless filing of meritless lawsuits against GCU and others."  But Defendants have not challenged the portion of the superior court's ruling that denied a similar request.  The superior court, unlike this court, has specific statutory authority to address whether a litigant should be declared vexatious and is generally better equipped to handle such requests given the steps required to impose such a designation.  *See* A.R.S. § 12-3201(A) ("In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant."); *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 18 (App. 2012) (adopting the principles courts must observe when ordering pre-filing restrictions).  Thus, we deny Defendants' request to designate Pittman as a vexatious litigant.  *See Madison*, 230 Ariz. at 14, ¶ 17 (explaining that "[b]ecause access to courts is a fundamental right . . . , such orders must be entered sparingly and appropriately" (citation omitted)).

**¶18**      Defendants also request their attorneys' fees incurred on appeal.  Because Defendants cite no statute, rule, decisional law, contract,

or other authority stating the basis for an award of attorneys' fees, we deny their request. *See Zambrano v. M & RC II LLC*, 254 Ariz. 53, 66, ¶ 49 (2022) (denying request for fee award on appeal based on lack of compliance with ARCAP 21(a)(2)). However, as the successful party on appeal, Defendants are awarded taxable costs subject to compliance with ARCAP 21.

## CONCLUSION

**¶19**    We affirm the dismissal of Pittman's complaint.

