NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TOTAL RENAL CARE, INC., d/b/a
DESERT MOUNTAIN DIALYSIS CENTER, *Petitioner*,

*v.*

THE HONORABLE FRANK W. MOSKOWITZ, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
Maricopa, *Respondent Judge,*

MELISSA BRACKMAN, the surviving wife, in her own right and on
behalf of all statutory beneficiaries, and as Personal Representative of the
ESTATE OF CHAD OWEN BRACKMAN, deceased, Real Parties
in Interest.

No. 1 CA-SA 24-0241
FILED 02-24-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-052656
The Honorable Frank W. Moskowitz, Judge

**SPECIAL ACTION JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Jones, Skelton & Hochuli, P.L.C., Phoenix
By David S. Cohen, Rita J. Bustos
*Counsel for Petitioner Total Renal Care, Inc.*

Coury, Krolls, Dean & DaPena, P.C., Phoenix
By Renee M. Coury, Brianna M. Quinn
*Counsel for Petitioner Shefali Gupta, M.D.*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Appellate Counsel for Real Parties in Interest*

Anapol Weiss, Scottsdale
By Larry E. Coben, JoAnn Niemi
*Counsel for Real Parties in Interest Brackman*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Vice Chief Judge David D. Weinzweig joined. Judge Morse also delivered a special concurrence.

---

**F U R U Y A**, Judge:

¶1        Total Renal Care, Inc. d/b/a Desert Mountain Dialysis Center (the "Clinic") seeks special action review of the superior court's order compelling discovery.[1]

¶2        This case calls upon us to decide whether medical providers that have never undertaken to provide any services for a non-patient third party nevertheless owe a duty to that third party when that third party is struck and killed by the medical provider's patient with her car after the patient left the medical provider's facility. As ordered by our supreme

---

[1]        Defendant Shefali Gupta, M.D. joined the Clinic's petition for special action and its reply in support thereof.

court, we reconsider our prior decision. We accept special action jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

**¶3**        This special action stems from a wrongful death suit brought against the Clinic by Melissa Brackman ("Plaintiff") after the death of her husband. The Clinic has no direct relationship with the decedent. Rather, the Clinic treated dialysis patient Julia Contreras-Gonzalez immediately prior to the car accident that killed Plaintiff's husband. Plaintiff alleges the Clinic caused the accident by negligently releasing Contreras-Gonzalez to drive while impaired after treatment.

**¶4**        The Clinic moved to dismiss the suit, arguing it owed Plaintiff's husband no duty due to a lack of a direct relationship between them. Plaintiff then requested that the Clinic's motion to dismiss be converted into a motion for summary judgment and requested relief pursuant to Arizona Rule of Civil Procedure 56(d) to allow for discovery into the Clinic's duty of care under Restatement (Second) of Torts § 324A ("Liability to Third Person for Negligent Performance of Undertaking"). The court agreed with Plaintiff and ordered that discovery proceed as to the question of whether and how the Clinic assumed a duty by taking charge of Contreras-Gonzalez. Thereafter, the Clinic petitioned for special action relief.

**¶5**        We declined special action jurisdiction on November 13, 2024, but our supreme court vacated the initial order and remanded the cause to us "for reconsideration in light of the Restatement (Second) of Torts § 324A as set forth in *Dabush v. Seacret Direct, LLC*, 250 Ariz. 264, 272–73 (2021), and *Collette v. Tolleson Unified School District No. 214*, 203 Ariz. 359 (App. 2003)." *Total Renal v. Moskowitz/Brackman*, CV-24-0294-PR, 2025 WL 1021587, at *1 (Ariz. Apr. 2, 2025). We requested additional briefing and now decide the case as follows.

## DISCUSSION

### I.    We Accept Special Action Jurisdiction.

**¶6**        We may exercise special action jurisdiction when a petitioner lacks a remedy by appeal that is "equally plain, speedy, and adequate." Ariz. R.P. Spec. Act. 12(a). The decision of whether to grant special action jurisdiction "is 'highly discretionary,'" *Yauck v. W. Town Bank & Tr.*, 259 Ariz. 481, 485 ¶ 12 (App. 2025), "unless a statute or an order requires the court to accept jurisdiction[,]" Ariz. R.P. Spec. Act. 12(a).

¶7　　　　Here, our supreme court ordered us to re-examine this special action petition, so we accept jurisdiction. *Id.*

**II.　　As a Matter of Law, the Clinic Did Not Voluntarily Assume a Duty to the Decedent Under Restatement (Second) of Torts Section 324A ("Section 324A") as applied by *Collette* and *Dabush*.**

¶8　　　　A plaintiff must prove four elements to prevail on an ordinary negligence claim: (1) the defendant had a duty to conform to a certain standard of care, (2) the defendant breached that duty, (3) a causal connection existed between the defendant's conduct and the resulting injury, and (4) damages occurred. *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9 (2007).

¶9　　　　The plaintiff bears the burden of establishing a legal duty, which is a threshold issue in maintaining any negligence claim. *Quiroz v. ALOCA Inc.*, 243 Ariz. 560, 563–64 ¶¶ 2, 7 (2018). Whether a duty exists is a question of law, "determined *before* the case-specific facts are considered." *Id.* at 564 ¶ 7 (quoting *Gipson*, 214 Ariz. at 145 ¶ 21). A legal duty arises when there is a special relationship between parties. *Id.* at 563, 565 ¶¶ 2, 14. A legal duty may also be based on public policy, which arises from Arizona state statutes, federal statutes, or the common law. *Id.* at 565 ¶¶ 14–15. We review a superior court's determination of whether a duty exists de novo. *Id.* at 564 ¶ 7.

¶10　　　　Here, Plaintiff argues that Section 324A creates a duty in this case, and therefore discovery is needed on this issue. The Clinic responds that Section 324A does not apply to pre-existing duties and the Clinic did not assume a duty to the decedent. The Clinic contends that all facts necessary to determine the issue are present, the facts demonstrate the Clinic owed no duty to the Plaintiff's husband, and therefore the case should be dismissed. We address the issue of duty under Section 324A as follows.

¶11　　　　"Arizona has adopted Restatement (Second) of Torts § 324A with respect to a negligent undertaking (or assumed duty)." *Dabush*, 250 Ariz. at 272 ¶ 36. Section 324A provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

¶12      *Collette* and *Dabush* apply this section, so we re-examine this special action in light of these two cases.

   **A.    The Clinic had a pre-existing duty to its patient under the doctor-patient special relationship and therefore did not voluntarily assume a duty under Section 324A, as described in *Collette*.**

¶13      In *Collette*, plaintiffs brought suit against a school district when they were injured in a car accident by students who had driven off campus during their lunch hour in violation of the District's modified closed-campus policy. 203 Ariz. at 830–31 ¶¶ 3–5. The modified closed-campus policy allowed certain students to leave campus at lunch with their parents' permission. *Id.* at 830 ¶ 4. The *Collette* plaintiffs argued that the District's policy meant the District assumed a duty to protect the general public from the negligent driving of students who left campus, as set forth in Section 324A. *Id.* at 831, 835 ¶¶ 8, 31. But we held that Section 324A did not apply because the section "operates to create a duty from a voluntary undertaking by one *who otherwise has no duty to act*." *Id.* at 836 ¶ 32 (emphasis added). And "[t]he District's duty in promulgating and enforcing a modified closed-campus policy for its students was not voluntarily assumed, but already existing." *Id.* Therefore, Section 324A was not applicable. *Id.*

¶14      Here, the Clinic already had an existing duty under the doctor-patient special relationship to its patient Contreras-Gonzalez. *See, e.g.*, *Stanley v. McCarver*, 208 Ariz. 219, 223 ¶ 12 (2004) (observing that Arizona courts have accepted "the sufficiency of the [doctor-patient] relationship as a basis for imposing a duty"). The Clinic had a duty to Contreras-Gonzalez while she was in its care, maybe even to monitor her ability to drive safely. But any duty to monitor, as a part of the Clinic's pre-existing duty to its patient, did not extend beyond Contreras-Gonzalez to unknown third parties. Instead, it related exclusively to Contreras-Gonzalez's own safety. And similar to the pre-existing duty the District had to its students in *Collette*, because the doctor-patient duty between the Clinic

5

and Contreras-Gonzalez was pre-existing, the Clinic cannot be said to have voluntarily assumed a duty to the decedent (a third party) on the facts here. As a result, Section 324A does not apply here.

**B.    Plaintiff has not shown that the Clinic undertook services for the purpose of protecting the decedent, or any other third-party, as required by *Dabush*.**

¶15        In *Dabush*, a plaintiff was injured after falling through a skylight on the roof of a multi-tenant commercial building. 250 Ariz. at 266 ¶ 1. The *Dabush* plaintiff sued two sublessees of the building, claiming they were possessors of the roof and therefore owed him a duty to maintain the roof in a safe condition. *Id.* Dabush asserted that the defendants, by conducting repairs to the roof and other sections of the building, had assumed a duty of care regarding the condition of the roof under Section 324A. *Id.* at 272 ¶ 36.

¶16        The *Dabush* court stated "an assumed duty is limited to the extent of the specific undertaking[,]" *id.* at 272 ¶ 38, thereby narrowing application of Section 324A. The *Dabush* court further limited Section 324A by explaining that "the scope of any assumed duty must be limited to the performance of the service undertaken and can be no broader than the undertaking actually assumed." *Id.* at 273 ¶ 38 (citation modified). Further, "the nature of the services undertaken must be for the specific purpose of protecting a third party (or their things) from harm" to establish assumption of a duty under Section 324A. *Id.* at 273 ¶ 39 (citations omitted). Because the *Dabush* plaintiff failed to present evidence showing that the defendants had assumed a duty to protect *him* from harm, the supreme court held that the plaintiff could not show that the sublessee defendants had assumed a duty under Section 324A. *Id.* at 273 ¶ 40.

¶17        So too here, Plaintiff has not presented evidence that the Clinic assumed a duty for the specific purpose of protecting the decedent from harm. Any such assumed duty must be express and specific to the party, as required by *Dabush*. *Id.* at 272–73 ¶¶ 37, 39. Nothing in the pleadings allege anything related to the assumption of duty specific to the decedent. The pleadings do not suggest that the services undertaken by the Clinic to care for Contreras-Gonzalez were performed for the specific purpose of protecting any third party from harm, let alone the decedent. Thus, the pleadings do not indicate that the Clinic assumed a duty to protect the decedent from harm, and the Plaintiff cannot show that the Clinic assumed a duty under Section 324A.

¶18        The court erred in denying the motion to dismiss and ordering discovery. No discovery is warranted on the issue. Therefore, we vacate the court's order denying the motion to dismiss and its order for further discovery. We remand with instructions for the court to enter an order granting the Clinic's motion and dismissing the case.

## CONCLUSION

¶19        We accept jurisdiction and grant relief.

**M O R S E**, Judge, specially concurring:

¶20          I agree with the decision on the merits. I also acknowledge that our supreme court can, pursuant to RPSA 12(a), direct us to exercise special-action jurisdiction without finding that we abused our discretion in declining jurisdiction. I write separately, however, to emphasize that our initial decision to decline special-action jurisdiction was consistent with both Arizona's special-action rules and long-established special-action jurisprudence.

¶21          The decision "[w]hether to accept jurisdiction of an appellate special action is within the court's discretion, unless a statute or an order requires the court to accept jurisdiction." RSPA 12(a). The special-action rules provide that special-action jurisdiction is appropriate only when the petitioner has no plain, speedy, and adequate remedy through appeal. RPSA 2(b)(2); 12(a). To assist us in exercising our discretion, the rules provide factors to "determine whether there is no 'plain, adequate and speedy remedy.'" RPSA 12 cmt. (2025). Thus, the new special-action rules provide that the foundational issue in deciding to exercise special-action jurisdiction is whether there is an equally plain, speedy, and adequate remedy by appeal.

¶22          Fortunately, the special-action rules provide guidance to help determine when a remedy by way of appeal meets those criteria. One factor that supports the exercise of discretion to accept special-action jurisdiction is "efficient management of the case, other than issues presented by ordinary dispositive motion practice." RPSA 12(b)(7). The clear implication is that efficient case management is not a factor favoring jurisdiction if the underlying issue involves "ordinary dispositive motion practice." This is later confirmed by the statement that decisions involving "Rules 12(b)(6), 12(c), or 56 of the Rules of Civil Procedure, or Rules 29(a)(6) or 79 of the Rules of Family Law Procedure" are an explicit factor against exercising special-action jurisdiction. RPSA 12(c)(2).

¶23          The special-action rules are consistent with long-standing caselaw recognizing that "[s]pecial actions may not be used as a substitute for an appeal." *Jordan v. Rea*, 221 Ariz. 581, 586, ¶ 8 (App. 2009) (citing *Neely v. Rodriguez,* 165 Ariz. 74, 76 (1990) (affirming the "strong Arizona policy against using extraordinary writs as substitutes for appeals")). A remedy by appeal is sufficient even if a party must continue with the litigation. *See Caruso v. Superior Court*, 100 Ariz. 167, 171 (1966) ("Of course, there is expense and delay in being put to a trial and then an appeal. But these facts alone will not justify issuing the writ."); *Neary v. Frantz*, 141 Ariz. 171, 177

(App. 1984) (finding special-action relief was not warranted because a "remedy does not become inadequate merely because more time would transpire by pursuing a conventional action") (citing *Rhodes v. Clark*, 92 Ariz. 31, 38 (1962)). And, as our supreme court has noted, there are sound reasons to avoid special-action review of interlocutory orders before final judgment. *See Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516, ¶ 7 (2005) (explaining that the approach promotes judicial efficiency, avoids piecemeal appeals, and respects the trial court's role).

¶24 For those reasons, our courts have long adhered to the general policy of *declining* special-action jurisdiction over denials of dispositive motions. *E.g., id.* ("It follows that we will rarely review the court of appeals' discretionary refusal to accept jurisdiction of a special action challenging the denial of a motion to dismiss or motion for summary judgment."); *Florez v. Sargeant*, 185 Ariz. 521, 524 (1996) ("We acknowledge that special action relief from the denial of summary judgment is almost always inappropriate."); *United States v. Superior Court*, 144 Ariz. 265, 269 (1985) ("[B]ecause relief by special action is largely discretionary, we follow a general policy of declining jurisdiction when relief by special action is sought to obtain review of orders denying motions to dismiss or for summary judgment."). As noted above, the RPSA factors disfavoring special-action jurisdiction for dispositive-motion issues are consistent with this body of case law.

¶25 Of course, if a special-action petition presents issues of statewide importance or questions of first impression, we can exercise our discretion to accept special-action jurisdiction. *See, e.g., Phoenix Union High Sch. Dist. No. 210 v. Sinclair*, ___ Ariz. ___, ___ ¶¶ 6, 26, 572 P.3d 80, 82–83 (2025) (exercising special-action jurisdiction because an issue was one of first impression and statewide importance); *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, ¶ 9 (2021) (exercising special-action jurisdiction because the case involved "issues of statewide importance" related to massive opioid-liability litigation). But any case in which our court interprets a law, rule, or common-law doctrine could have statewide importance. That is the very nature of precedent. *See, e.g., Torres v. JAI Dining Services (Phoenix), Inc.*, 256 Ariz. 212, 215–18, ¶¶ 8–18 (2023) (discussing the role of precedent in developing the common law); *see also Gilpin v. Harris*, 258 Ariz. 61, 63, ¶ 5 (2024) (accepting special-action jurisdiction to decide whether a guilty-except insane verdict allowed a crime victim to seek restitution); *Sholem v. Gass*, 248 Ariz. 281, 285, 287–88, ¶¶ 7, 26–28 (2020) (exercising special-action jurisdiction to resolve conflicts in the Arizona Rules of Civil Procedure). While the special-action rules note "statewide importance" and "issues of first impression" as factors for exercising special-action jurisdiction, the

rules also provide that any of those "factors support but do not require accepting jurisdiction." RPSA 12(b). If we have discretion to exercise or decline our special-action jurisdiction, we may decline jurisdiction even in cases of first impression or statewide importance, especially when the petitioner has a remedy by way of appeal.

**¶26** That is why I am puzzled by the supreme court's decision to vacate our order declining jurisdiction and direct us, without explanation, to decide this case.[2] As outlined above, *supra* ¶¶ 4–6, this case involves the trial court's decision to deny a motion to dismiss and allow limited discovery on the issue of duty. This type of case—vehicle-accident litigation—does not appear to present the kind of circumstances that would mandate deviating from the general rule against special-action review of dispositive motions. *See, e.g., Harris v. Warner*, 255 Ariz. 29, 31–32, ¶ 7 (2023) (accepting special-action jurisdiction in a politically charged defamation case where "denying Petitioners' motion to dismiss" was "an issue of statewide importance"); *CVS Pharmacy, Inc.*, 251 Ariz. at 515, ¶ 9 (granting special-action jurisdiction to decide what duty pharmacies may owe regarding the distribution of opioids). Although duty is generally a question of law, it may rest on disputed facts that require development of the record. *See Perez v. Circle K Convenience Stores, Inc.*, 259 Ariz. 221, 228, ¶ 20 (2025) ("sometimes certain antecedent facts must be considered in determining whether a duty exists"); *cf. also Dobson v. State ex rel., Comm'n on App. Ct. Appointments*, 233 Ariz. 119, 121, ¶ 7 (2013) (noting that special-action jurisdiction is not appropriate to resolve disputed facts). Moreover, our courts have long said that "special action relief is inappropriate for resolving discovery disputes," that do not involve privilege. *Yuma Reg'l Med. Ctr. v. Superior Court*, 175 Ariz. 72, 74 (App. 1993); *see, e.g., Jolly v. Superior Court of Pinal Cnty.*, 112 Ariz. 186, 188 (1975) (stating that special-action relief over discovery issues "shall be exercised only in 'rare' cases, as a matter of sound discretion according to the nature and circumstances of the case").

**¶27** While I am happy to follow our supreme court's direction and address the merits of this petition, I do not interpret the supreme court's directive to mean that we abused our discretion in declining jurisdiction.

---

[2] And a small handful of other recent cases. *See Kuerschner v. Kuerschner*, CV 25-3034-PR, 2026 WL 384157 (Feb. 11, 2026) (decision order); *State v. Greene*, CR 25-0190-PR, 2025 WL 2606156 (Sept. 9, 2025) (decision order); *Cervantes v. State*, CR 25-0204-PR (Nov. 25, 2025), 2025 WL 3301142 (decision order).

When our decision is supported by the factors outlined in RPSA 12(c), we may decide to decline jurisdiction.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR